IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. \_\_\_\_1:22-cv-02276\_\_\_\_

DANIEL A. NELSON,

   Plaintiff,

v.

WAKEFIELD & ASSOCIATES, LLC,

   Defendant.

## COMPLAINT

**NOW COMES** DANIEL A. NELSON, through undersigned counsel, complaining of WAKEFIELD & ASSOCIATES, LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and Regulation F ("Reg F"), 12 CFR 1006 *et seq*, breach of contract, and unjust enrichment.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. Daniel A. Nelson ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Rockford, Tennessee.

5. Wakefield & Associates ("Defendant") is a debt collection corporation with its principal place of business located at 10800 East Bethany Drive, Suite 450, Aurora, Colorado

1

80014.

## FACTUAL ALLEGATIONS

6.      At some point, Plaintiff received medical care, incurring balances owed to several different medical companies in the amount of approximately $27,561.

7.      Due to unforeseen financial difficulty, Plaintiff was unable to pay his obligations to the various medical companies ("subject debts").

8.      In or around November 2021, Plaintiff received a collection call from Defendant, attempting to collect on the subject debts.

9.      During this call, the parties made a verbal agreement that Defendant would withdraw $50 on the 11th of every month to put toward the subject debts.

10.     Starting November 11, 2021, and continuing through January 11, 2022, Defendant deducted the agreed $50 from Plaintiff's account every month.

11.     On February 2, 2022, Plaintiff noticed that Defendant had withdrawn $50 from his account – 9 days ahead of schedule.

12.     Surprised, Plaintiff placed a call to Defendant on February 3, 2022, to discuss the withdrawal.

13.     Plaintiff spoke with Defendant's representative, Tanya.

14.     During this phone call, Plaintiff inquired as to why his monthly withdrawal was taken on a date different than the agreed date.

15.     After placing Plaintiff on a long hold, Tanya returned to the phone and was unable to offer any explanation for the early deduction.

16.     When Plaintiff pressed further as to why his agreement was not being honored, Tanya was unable to give any further information or insight.

17. Instead, Tanya offered to allow Plaintiff the option to call in with his monthly payments instead of having them deducted from his account.

18. Plaintiff pressed for more information regarding the early payment, advising that the funds erroneously taken from his account had been allotted for groceries and other household items, causing Plaintiff significant financial distress.

19. Tanya was again unable to offer Plaintiff any guarantee or promise that his payments would come out at the correct time every month going forward.

20. Frustrated, Plaintiff requested to speak with a manager; when Tanya transferred Plaintiff, the call disconnected.

21. When Plaintiff attempted to call back, the call went to voicemail.

22. Frustrated with Defendant's deceptive collection practices, Plaintiff retained counsel to assist with the matter.

## CLAIMS FOR RELIEF

### COUNT I:
### Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)

23. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

25. The subject debts are "debt[s]" as defined by 15 U.S.C. §1692a(5) because they were incurred for personal or household purposes.

26. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

27. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## Violations of 15 U.S.C. §1692e/Reg F. §1006.22

28. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation in connection with the collection of any debt." 15 U.S.C. §1692e.

29. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt. . ." 15 U.S.C. §1692e(10).

30. Pursuant to Reg F §1006.22, "a debt collector must not use unfair or unconscionable means to collect or attempt to collect any debt…" 12 CFR §1006.22.

31. Defendant violated FDCPA §§1692e, e(10), and Reg. F §1006.22 when it deducted a payment from Plaintiff's account on a different date than the parties had agreed, causing Plaintiff financial distress.

32. Specifically, Defendant violated the agreement by deducting a payment on February 2, 2022, instead of the February 11, 2022.

33. Furthermore, Defendant was unable to provide a reason or explanation for the early withdrawal and was unable or unwilling to give reassurance that the agreement between Plaintiff and Defendant would be honored and that the payment would be deducted on the correct date every month going forward.

34. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**WHEREFORE**, Plaintiff, DANIEL A. NELSON, requests that this Honorable Court grant the following relief:

- A. a finding that Defendant violated the above-referenced sections of 15 U.S.C. §1692 and 12 CFR §1006;
- B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);
- C. an award of such additional damages, as this Court may allow, but not exceeding $1,000.00;
- D. an award of costs of this action, together with a reasonable attorney's fee as determined at trial; and
- E. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Breach of Contract

35. Plaintiff restates and realleges all previous paragraphs of this Complaint as though fully set forth herein.

36. Defendant and Plaintiff entered into a payment arrangement where Plaintiff would make $50 payments to Defendant each month on the 11th.

37. Defendant failed to comply with this agreement by withdrawing funds early from Plaintiff's account.

38. As a result of Defendant's breach, Plaintiff has been forced to incur costs to seek formal enforcement of the agreement between himself and Defendant, when Defendant could have avoided this action by simply honoring its agreement with Plaintiff.

**WHEREFORE**, Plaintiff, DANIEL A. NELSON, respectfully requests that this Court:

A. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

B. Award Plaintiff actual damages;

C. Award Plaintiff punitive damages;

D. Award Plaintiff injunctive Relief; and

E. Award any other relief as this Court deems just and proper.

## COUNT III:
## Unjust Enrichment

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40. To state a claim for unjust enrichment, a plaintiff must allege that (1) the defendant has unjustly retained a benefit to the plaintiff's detriment, and (2) that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.

41. Defendant unjustly enriched itself through its unauthorized withdrawal of $50 from Plaintiff's account.

42. Defendant's withdrawal objectively violates the fundamental principles of justice, equity, and good conscience.

**WHEREFORE**, Plaintiff, DANIEL A. NELSON, requests the following relief:

A. A finding that Defendant has been unjustly enriched by Plaintiff;

B. An award of compensatory damages; and

C. Any other relief this Court deems just and proper.

**Plaintiff demands a trial by jury.**

| | |
|---|---|
| DATED: September 1, 2022 | Respectfully submitted,<br><br>*/s/ Alexander J. Taylor*<br>Alexander J. Taylor, Esq.<br>*Counsel for Plaintiff*<br>Sulaiman Law Group, Ltd<br>2500 S Highland Ave, Suite 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8181<br>ataylor@sulaimanlaw.com |